**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**GUILLERMO PEREZ,**

Petitioner,

5.25-cv.551.PbB.PRL

v.

**WARDEN, FCI COLEMAN MEDIUM,**

Respondent.

Case No. _____

---

PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

---

**I. JURISDICTION AND VENUE**

1.  Petitioner **Guillermo Perez** is currently incarcerated at **FCI Coleman Medium**, located in **Sumter County, Florida**, which lies within the jurisdiction of the **Ocala Division of the United States District Court for the Middle District of Florida**.

2.  This petition is properly brought pursuant to **28 U.S.C. § 2241**, as Petitioner challenges the manner in which the Bureau of Prisons ("BOP") is executing his sentence, specifically its unlawful denial of earned and applicable First Step Act ("FSA") Time Credits and improper reliance on dismissed charges. **Petitioner proceeds pro se**, and respectfully invokes this Court's obligation to

**liberally construe his pleadings and adjudicate the substance of his claims regardless of form or labeling.**[1]

3. Venue is proper under **28 U.S.C. § 2241(a)** because Petitioner is currently confined at **FCI Coleman Medium**, which is located in **Sumter County, Florida**. Sumter County lies within the jurisdiction of the **Ocala Division of the United States District Court for the Middle District of Florida**, making this the appropriate court for habeas review.

---

## II. PARTIES

- **Petitioner:**

    **Guillermo Perez**, BOP Register Number **49181-177**, is a 28-year-old white male currently incarcerated at **FCI Coleman Medium**, a federal correctional institution in Sumter County, Florida. His projected release date is **September 2, 2032**, according to the Bureau of Prisons.

- **Respondent:**

    **Warden, FCI Coleman Medium**, is the immediate custodian of Petitioner and is the proper Respondent under 28 U.S.C. § 2241. Service may be made at:

    **Warden, Federal Correctional Institution**
    **Coleman Medium**
    **P.O. Box 1032**
    **Coleman, FL 33521**

---

[1] See *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) ("pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers"); *Castro v. United States*, 540 U.S. 375, 381 (2003); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed...").

### III. PROCEDURAL HISTORY

4. On July 15, 2015, in the United States District Court for the Northern District of Texas, Dallas Division, in Case No. 3:15-cr-00055-M, Petitioner Guillermo Perez was sentenced to a total of **240 months' imprisonment** following a negotiated plea agreement with the United States. Specifically, Petitioner pled guilty to two counts of Assault on a Federal Officer, in violation of **18 U.S.C. § 111(a)(1) and (b)**. The Honorable Barbara M.G. Lynn imposed **120 months on each count, to run consecutively**, followed by three years of supervised release.

5. Critically, as part of the plea agreement, the United States Government agreed to— and the Court granted—dismissal of all remaining charges in the superseding indictment, including a **charge under 18 U.S.C. § 924(c)** (Possession of a Firearm in Furtherance of a Drug Trafficking Crime) and a **conspiracy charge under 21 U.S.C. § 846**. These dismissed charges no longer carry any legal effect and are not part of the final judgment or sentence imposed by the Court.

6. Petitioner has now served over **nine (9) years** of his federal sentence and has done so without incident. He has **no outstanding warrants, detainers, or pending charges** in any jurisdiction. His institutional conduct has been exemplary, as he has remained **discipline-free** throughout his incarceration.

7. Moreover, Mr. Perez has engaged in sustained rehabilitation efforts, participating in multiple **evidence-based recidivism reduction (EBRR) programs and productive activities** as defined under the First Step Act. His programming history reflects meaningful progress, consistent attendance, and active personal investment in his self-betterment.

8. Petitioner is currently housed at **FCI Coleman Medium**, a Bureau of Prisons facility located in **Sumter County, Florida**, under the jurisdiction of the Middle District of

Florida. While the facility is classified as medium-security, Petitioner has demonstrated a stable custodial adjustment with no history of serious disciplinary infractions. His consistent program participation, favorable institutional conduct, and long-term placement at Coleman suggest that he does not present a heightened security risk, and he may in fact qualify as a low- or medium-risk inmate under the BOP's own PATTERN assessment system. Regardless of his precise classification, Petitioner is statutorily entitled to earn and apply FSA Time Credits, subject to the application pathways Congress established in 18 U.S.C. §§ 3632(d) and 3624(g)

9. Petitioner is also committed to family reunification and successful reintegration into society. He has a verified home plan, community support, and a strong post-release structure that will facilitate his transition to employment and continued rehabilitation upon release.

---

## IV. GROUNDS FOR RELIEF

**GROUND ONE: The Bureau of Prisons' Denial of First Step Act Credits Based on a Dismissed § 924(c) Charge is Unlawful, Arbitrary, and Contrary to Statute**

10. The First Step Act of 2018 (FSA), codified in part at **18 U.S.C. § 3632(d)(4)**, was enacted by Congress to reduce recidivism and create meaningful incentives for federal prisoners to participate in rehabilitative programming. As part of that reform, Congress created a credit system wherein eligible inmates who successfully complete **evidence-based recidivism reduction (EBRR) programs** or **productive**

> "Congress chose its words carefully. It limited exclusion to those who were *convicted of* certain offenses. Nothing in the statute permits the BOP to broaden this list to include those merely charged."

- In ***Rodriguez v. Smith***, 541 F.3d 1180, 1188 (9th Cir. 2008), the Ninth Circuit affirmed that the BOP cannot create disqualifying categories by administrative fiat that Congress chose not to impose:

  > "Where Congress speaks directly to a question, agency interpretation has no role. The BOP has no authority to craft exclusions not included in the statute."

- In ***Goodman v. Ortiz***, No. 1:20-cv-07582, 2021 WL 1085744, at *5 (D.N.J. Mar. 22, 2021), the court condemned the use of dismissed charges to disqualify inmates from programming benefits:

  > "The BOP's denial of time credits based on a dismissed charge is arbitrary, capricious, and violates fundamental principles of due process."

15. The **BOP's denial of FSA credits to Petitioner based on a dismissed § 924(c) charge amounts to unlawful agency action** under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) and (C). It is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," and "in excess of statutory jurisdiction, authority, or limitations."

16. Furthermore, it implicates core **constitutional concerns**. Relying on **dismissed criminal allegations** to deny liberty-affecting benefits offends the **Due Process Clause of the Fifth Amendment**, undermines the integrity of the plea and sentencing process, and punishes Petitioner for conduct the government chose not to prosecute or prove.

activities **(PAs)** shall earn **time credits** that can be applied toward early release or transfer to prerelease custody.

11. Importantly, the statute explicitly limits ineligibility to those **"convicted** of" certain enumerated offenses listed in § 3632(d)(4)(D). This list includes convictions under **18 U.S.C. § 924(c)**, but **only if a conviction actually occurred**. It does not apply to cases where such charges were dismissed, abandoned, or resolved through plea negotiations that did not result in conviction.

12. Petitioner **Guillermo Perez** was originally charged with a § 924(c) offense in his indictment, but that charge was **formally dismissed** as part of a binding Rule 11(c)(1)(C) plea agreement. The government honored its obligation to dismiss that count, and the Court accepted the plea and entered judgment **only on two counts under 18 U.S.C. § 111** (Assault on a Federal Officer), which is not a disqualifying offense under the First Step Act.

13. As such, Petitioner does **not fall within any exclusionary category** under § 3632(d)(4)(D). He is eligible to earn time credits under the First Step Act. His **sole convictions** are for § 111(a)(1) and (b), which do **not appear on the statutory ineligibility list**, nor are they crimes of violence under recent interpretive case law. The BOP's reliance on the presence of a now-dismissed § 924(c) count is **both factually irrelevant and legally impermissible**.

14. Courts across multiple jurisdictions have clearly and repeatedly rejected the BOP's unlawful practice of **using dismissed or uncharged conduct** as a basis for denying First Step Act credits. For example:

- In *Yufenyuy v. Warden, FCI Berlin*, 659 F. Supp. 3d 213, 221–22 (D.N.H. 2023), the court held:

17. Congress entrusted the judiciary with the role of determining criminal guilt and sentence. When a sentencing court imposes judgment only on non-disqualifying offenses, the BOP has **no lawful authority to override** that judgment by resurrecting dismissed counts to limit statutory benefits. Doing so violates **separation of powers** and the legislative intent of the First Step Act.

18. Petitioner respectfully submits that he is statutorily eligible to both **earn and apply** First Step Act Time Credits under **18 U.S.C. §§ 3632(d)(4)** and **3624(g)**. He has not been convicted of any disqualifying offense and has completed qualifying programming while in BOP custody. Even if BOP were to classify him as **medium risk** under the PATTERN tool, he remains eligible to apply credits pursuant to the warden-approval provision of **§ 3624(g)(1)(D)**. The BOP's refusal to recognize this statutory pathway and its continued reliance on dismissed charges to block earned sentence-reducing benefits constitutes unlawful agency conduct. Accordingly, this Court should declare Petitioner eligible for all earned FSA credits and order the BOP to apply them retroactively and recalculate his release and prerelease custody dates in accordance with the law.

**GROUND TWO: The Bureau of Prisons' Refusal to Apply Earned First Step Act Credits Based on Custodial Risk Level Violates 18 U.S.C. §§ 3624(g) and 3632(d), and Is Arbitrary and Contrary to Law**

19. Petitioner has actively participated in qualifying programming under the First Step Act (FSA) and is eligible to earn and apply Time Credits (TCs) under **18 U.S.C. § 3632(d)(4)**. The BOP does not dispute his successful participation.

20. However, the BOP has either explicitly or functionally denied Petitioner the ability to **apply** those credits toward early release or prerelease custody, allegedly based on his **custodial risk level** or **PATTERN risk score**.

21. The BOP's position is inconsistent with the clear statutory scheme Congress enacted. **Section 3632(d)(4)(A)** entitles eligible inmates to **earn 10 days of credit for every 30 days of successful participation** in qualifying programs. An additional 5 days is awarded to those who maintain low or minimum risk. This section governs the **earning** of credits—not their application.

22. The rules governing **application** of credits appear in **18 U.S.C. § 3624(g)**, which sets forth criteria for transfer to **prerelease custody** or **early supervised release**.

23. Under **§ 3624(g)(1)(D)**, an eligible prisoner may apply earned credits toward early release or transfer if:

    "(D) has been determined under the System to be a minimum or low risk to recidivate pursuant to their last two reassessments,
    **or has had a petition to be transferred under this subsection approved by the warden of the prison,** after the warden's determination that the prisoner is not a danger to the community."

24. Thus, while inmates with sustained **minimum or low risk** are automatically eligible to apply earned credits, those who are **medium or high risk** are **not categorically barred**. They may still apply credits if the **warden determines** that they are not a danger to the community and approves the transfer.

25. Congress explicitly included this **warden petition mechanism** as a safeguard and alternative for inmates whose risk scores may not fall into the lowest category, but whose conduct and circumstances merit release consideration. The BOP **may not override** or ignore this discretionary process.

26. The statutory structure is therefore:

- **Earned Credits (§ 3632(d)(4))** → All eligible inmates (regardless of risk level) may earn credits for qualifying participation.

- **Application of Credits (§ 3624(g))** →

  **Minimum/Low Risk** = Apply credits automatically;

  **Medium/High Risk** = Apply credits **if warden approves transfer**.

27. The BOP's internal policy of denying all medium-risk inmates the ability to apply their credits **flatly contradicts this framework**. It imposes a **blanket denial** that Congress expressly rejected by writing a clear path for warden-approved transfer.

28. Courts have firmly rejected the BOP's overreach on this issue. In **Yufenyuy v. Warden**, 659 F. Supp. 3d 213, 221–22 (D.N.H. 2023), the court ruled:

    "The BOP's interpretation would effectively eliminate the warden-approval pathway Congress enacted. That result is inconsistent with the statute's plain text and legislative intent."

29. Likewise, in **Woodley v. Bureau of Prisons**, No. 24-3053, 2024 U.S. Dist. LEXIS 87521 (D. Kan. May 15, 2024), the court struck down the BOP's categorical denial of early release to medium-risk inmates, stating:

    "The warden-approval clause is not optional or symbolic. It is a binding statutory right that medium- and high-risk inmates may invoke, subject to individualized determination."

30. Petitioner is currently housed at FCI Coleman Medium, in a low-security unit, has a clean conduct record, has engaged in rehabilitative programming, and presents **no danger to the community**. These are precisely the factors Congress intended wardens to evaluate in granting release under § 3624(g)(1)(D).

31. By refusing to apply Petitioner's credits solely because of his alleged risk classification—without undertaking the warden-review process required by law— the BOP is engaging in arbitrary and capricious conduct, exceeding its statutory authority, and violating the **Administrative Procedure Act,** 5 U.S.C. § 706(2)(A), (C), and the **separation of powers** doctrine.

32. This Court should declare that medium-risk inmates are not categorically excluded from applying FSA credits and that the BOP's refusal to initiate or consider the warden-approval process in Petitioner's case is contrary to **§ 3624(g)(1)(D).** The Court should order the BOP to apply all earned credits and consider Petitioner's eligibility under the lawful statutory standard.

**GROUND THREE: The Bureau of Prisons' Policy and Practice of Denying Earned FSA Credits Based on Non-Statutory Criteria Violates the Administrative Procedure Act, Due Process, and the Separation of Powers Doctrine**

33. Petitioner incorporates by reference all allegations and legal arguments set forth in Grounds One and Two.

34. The Bureau of Prisons (BOP) has denied Petitioner the ability to apply his earned First Step Act (FSA) Time Credits toward early release or prerelease custody. This denial is based on impermissible grounds, including:

- Reliance on a **dismissed charge** under 18 U.S.C. § 924(c); and

- An **internal policy** that treats inmates with a **medium PATTERN risk score** as categorically ineligible to apply their credits, despite no statutory bar to doing so.

35. These actions violate the **Administrative Procedure Act (APA), 5 U.S.C. §§ 701–706,** which requires federal agencies to act within the scope of their statutory authority and in accordance with law.

---

### A. Unlawful Agency Action – 5 U.S.C. § 706(2)(A) and (C)

36. Under the APA, reviewing courts must set aside agency actions that are:

"arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," and "in excess of statutory jurisdiction, authority, or limitations."

37. The BOP's use of **dismissed charges** as a basis to deny Petitioner earned FSA credits lacks statutory basis. **18 U.S.C. § 3632(d)(4)(D)** excludes only inmates **"convicted of"** certain disqualifying offenses. Petitioner was **not convicted** under § 924(c); the charge was dismissed as part of a plea agreement accepted by the Court.

38. Likewise, **18 U.S.C. § 3624(g)(1)(D)** allows inmates who are not minimum or low risk to still apply earned credits **if approved by the warden**, provided they are not a danger to the community. The BOP's categorical exclusion of **medium-risk inmates** from applying credits **eliminates this statutory pathway**.

39. The BOP's blanket policy constitutes an unauthorized, extra-statutory restriction. It is both **arbitrary and in excess of the authority delegated by Congress**, and must be struck down under APA standards.

---

### B. Violation of Procedural Requirements – 5 U.S.C. § 553

40. The BOP has implemented and enforced these restrictive policies through **internal memoranda and staff directives** rather than through **formal rulemaking**. These unpublished and informal rules significantly affect the liberty interests of thousands of federal inmates.

41. Under **5 U.S.C. § 553**, such substantive rules must go through **notice-and-comment rulemaking**, including public disclosure, explanation, and opportunity

for input. The BOP has **never submitted its categorical disqualification policy for public comment**, nor published it in the Code of Federal Regulations.

42. The result is a system of **unwritten law**: shifting rules applied unequally across institutions, with no meaningful transparency or accountability, in direct violation of both the APA and constitutional norms of procedural fairness.

---

### C. Constitutional Violations – Due Process and Separation of Powers

43. The BOP's reliance on **dismissed criminal allegations**—which were never adjudicated—violates Petitioner's **Fifth Amendment right to due process**. A federal sentencing court imposed judgment only on non-disqualifying offenses. The BOP lacks authority to re-punish Petitioner for charges abandoned by the prosecution and dismissed by the court.

44. This also implicates **separation of powers concerns**. It is the exclusive role of the judiciary to determine criminal guilt and impose sentence. When the court entered judgment only on § 111 offenses, the BOP's attempt to functionally "reinstate" the dismissed § 924(c) charge through administrative policy **undermines judicial finality** and **violates Article III's domain**.

45. Furthermore, the BOP's creation of a new exclusion for medium-risk inmates— contrary to the plain language of **§ 3624(g)(1)(D)**—reflects a deliberate attempt to **override Congressional will** and rewrite statutory criteria enacted by the legislative branch.

46. Courts have consistently rejected the BOP's attempts to impose disqualifications not found in the First Step Act:

- *Rodriguez v. Smith*, 541 F.3d 1180 (9th Cir. 2008) – BOP may not expand disqualifications beyond those expressly included by Congress.

- *Yufenyuy v. Warden*, 659 F. Supp. 3d 213 (D.N.H. 2023) – Use of dismissed charges and denial of credits to medium-risk inmates is not supported by law.

- *Woodley v. BOP*, 2024 U.S. Dist. LEXIS 87521 (D. Kan. 2024) – Risk-level exclusions and refusal to apply credits constitute arbitrary and capricious agency action.

---

### D. Petitioner is Suffering Ongoing Irreparable Harm

47. By refusing to apply earned credits, the BOP is effectively extending Petitioner's incarceration beyond what is authorized by law. Each day of continued confinement represents a violation of liberty interests protected under both statutory and constitutional frameworks.

48. Unless this Court intervenes, the BOP's unlawful policies will continue to deny Petitioner—and similarly situated inmates—access to the benefits Congress expressly created to reduce recidivism and reward rehabilitation.

---

### Therefore:

49. Petitioner respectfully requests that this Court declare the BOP's denial of credit application based on dismissed charges or medium-risk classification to be **unlawful under the APA, violative of due process,** and **beyond the BOP's statutory authority**. The Court should order the immediate application of all earned FSA Time Credits and instruct the BOP to recalculate Petitioner's release and prerelease dates in accordance with law.

---

### V. PRAYER FOR RELIEF

WHEREFORE, Petitioner **Guillermo Perez** respectfully requests that this Honorable Court enter judgment in his favor and grant the following relief:

1. **Issue a writ of habeas corpus** under 28 U.S.C. § 2241, finding that the Bureau of Prisons (BOP) has unlawfully denied and withheld earned First Step Act (FSA) Time Credits in violation of 18 U.S.C. §§ 3632(d)(4) and 3624(g);

2. **Declare that Petitioner's sole convictions under 18 U.S.C. § 111 do not render him ineligible** to earn or apply FSA Time Credits under § 3632(d)(4)(D), and that the BOP's reliance on a dismissed § 924(c) charge is unlawful, arbitrary, and contrary to statute;

3. **Declare that medium-risk inmates are not categorically barred** from applying FSA credits and that Petitioner may apply such credits through the warden-approval process authorized by § 3624(g)(1)(D);

4. **Declare that the BOP's blanket policy of denying application of FSA credits based on dismissed charges or PATTERN risk scores** violates the Administrative Procedure Act, the Due Process Clause of the Fifth Amendment, and the Separation of Powers doctrine;

5. **Order the BOP to retroactively apply all earned FSA Time Credits** to Petitioner's sentence and to recalculate his projected release and/or prerelease custody placement date accordingly;

6. **Enjoin the BOP from continuing to deny Petitioner the application of his earned credits** absent a lawful and individualized finding under 18 U.S.C. § 3624(g);

7. **Grant such other and further relief as this Court deems just and proper,** including expedited consideration due to the ongoing and unlawful deprivation of Petitioner's liberty.

---

**VI. DECLARATION UNDER 28 U.S.C. § 1746**

I, **Guillermo Perez**, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that:

1. I am the Petitioner in the above-captioned habeas corpus matter.

2. I have read, reviewed, or personally drafted the foregoing Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.

3. I hereby certify that the facts and allegations contained therein are true and correct to the best of my knowledge, information, and belief.

4. I make this declaration voluntarily and understand that any false statement may subject me to penalties for perjury.

Respectfully submitted,

Executed on this 28 day of August, 2025.

Guillermo Perez

**Guillermo Perez**
BOP Register Number: 49181-177
FCI Coleman Medium
P.O. Box 1032
Coleman, FL 33521

# CERTIFICATE OF MAILING AND SERVICE

I, **Guillermo Perez**, BOP Register Number **49181-177**, hereby certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that on this _28_ day of _August_, 2025, I deposited in the prison's legal mail system a true and correct copy of the foregoing:

**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**, along with all supporting attachments and declarations, properly addressed with sufficient postage to the following recipients:

---

**1. Clerk of Court**

United States District Court
Middle District of Florida, Ocala Division
207 N.W. Second Street
Ocala, FL 34475

---

**2. United States Attorney**

Attention: Civil Process Clerk
U.S. Attorney's Office – Middle District of Florida
400 North Tampa Street, Suite 3200
Tampa, FL 33602

---

**3. Warden, FCI Coleman Medium**

Federal Correctional Institution – Coleman Medium
P.O. Box 1032
Coleman, FL 33521

---

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _28_ day of _August_, 2025.

_Guillermo Perez_

**Guillermo Perez**
Register No. 49181-177
FCI Coleman Medium
P.O. Box 1032
Coleman, FL 33521

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § **JUDGMENT IN A CRIMINAL CASE** |
| | § |
| v. | § |
| | § Case Number: **3:15-CR-00055-M(1)** |
| **GUILLERMO PEREZ** | § USM Number: **49181-177** |
| | § |
| | § **Brian O'Shea** |
| | § Defendant's Attorney |

## THE DEFENDANT:

| | | |
|---|---|---|
| ☐ | pleaded guilty to count(s) | |
| ☒ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | **Counts 1 and 2 of the Indictment, filed February 19, 2015** |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 18 U.S.C. § 111 / Assault on a Federal Officer | 02/10/2015 | 1 |
| 18 U.S.C. § 111 / Assault on a Federal Officer | 02/10/2015 | 2 |

The defendant is sentenced as provided in pages **2** through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has been found not guilty on count(s)

☒   **Counts 3, 4, 5, and 6, of the Indictment, filed February 19, 2015, are dismissed on the motion of the United States.**

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

__July 15, 2015__
Date of Imposition of Judgment

Signature of Judge

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

__July 29, 2015__
Date

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case

Judgment -- Page 2 of 6

DEFENDANT:      GUILLERMO PEREZ
CASE NUMBER:    3:15-CR-00055-M(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **TWO-HUNDRED AND FORTY (240) MONTHS. This consists of one-hundred and twenty (120) months on each of Counts 1, and 2, to run consecutively with each other, for a total imprisonment range of TWO-HUNDRED AND FORTY (240) MONTHS.**

☒    The court makes the following recommendations to the Bureau of Prisons:

        **The Court recommends the Defendant be incarcerated in the Dallas, Fort Worth, Texas area, and that if eligible, he participate in the 500 hours residential drug and alcohol program, if appropriate.**

☒    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

        ☐  at               ☐  a.m.    ☐  p.m.   on

        ☐  as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

        ☐  before 2 p.m. on
        ☐  as notified by the United States Marshal.
        ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

      Defendant delivered on _____ to

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By
DEPUTY UNITED STATES MARSHAL

Case 5:25-cv-00551-PGB-PRL    Document 1    Filed 09/05/25    Page 20 of 25 PageID 20
Case 3:15-cr-00055-M    Document 53    Filed 07/29/15    Page 3 of 6    PageID 140
AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                   Judgment -- Page 3 of 6

DEFENDANT:        GUILLERMO PEREZ
CASE NUMBER:      3:15-CR-00055-M(1)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : **THREE (3) YEARS**.

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒  The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐  The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐  The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1.  the defendant shall not leave the judicial district without the permission of the court or probation officer;
2.  the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3.  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4.  the defendant shall support his or her dependents and meet other family responsibilities;
5.  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6.  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7.  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8.  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9.  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case

DEFENDANT:        GUILLERMO PEREZ
CASE NUMBER:      3:15-CR-00055-M(1)

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall cooperate in the collection of DNA as directed by the U.S. Probation Officer, as authorized by the Justice for All Act of 2004.

The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse.  If the defendant is receiving treatment, the defendant may not use alcohol and/or all other intoxicants at any time.  The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $20 per month.

The defendant shall provide to the U.S. Probation Officer any requested financial information.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case

DEFENDANT:       GUILLERMO PEREZ
CASE NUMBER:     3:15-CR-00055-M(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Fine | Restitution |
|--------|-----------|------|-------------|
| **TOTALS** | **$200.00** | $.00 | $.00 |

☐ The determination of restitution is deferred until *An Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

   If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution

   ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                          Judgment -- Page 6 of 6

DEFENDANT:         GUILLERMO PEREZ
CASE NUMBER:       3:15-CR-00055-M(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☐  Lump sum payments of $ _____ due immediately, balance due

   ☐  not later than _____ , or

   ☐  in accordance    ☐  C,    ☐  D,    ☐  E, or    ☐  F below; or

**B**  ☐  Payment to begin immediately (may be combined with    ☐  C,    ☐  D, or    ☐  F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
       _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal 20 (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
       _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment
       to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release
       from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that
       time; or

**F**  ☒  Special instructions regarding the payment of criminal monetary penalties:
       **It is ordered that the Defendant shall pay to the United States a special assessment of $200.00, for Counts
       1, and 2, which shall be paid immediately. Said special assessment shall be paid to the Clerk, U.S.
       District Court.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is
due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons'
Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several
   See above for Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and
   Several Amount, and corresponding payee, if appropriate.

   ☐ Defendant shall receive credit on his restitution obligation for recovery from other defendants who contributed to the same
   loss that gave rise to defendant's restitution obligation.
☐  The defendant shall pay the cost of prosecution.
☐  The defendant shall pay the following court cost(s):
☐  The defendant shall forfeit the defendant's interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

GUILLERMO PEREZ #49181-177
FCI COLEMAN-MEDIUM
P.O. BOX 1032
COLEMAN, FL 33521









SCREENED
By USM

U.S DISTRICT COURT
205 NW 2ND ST
OCALA, FL 34475

